IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER L. BRINKMEIER | |
| Plaintiff, | |
| v. | Civil Action No. 09-cv-262-JJF |
| GRACO CHILDREN'S PRODUCTS INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## AMENDED VERIFIED COMPLAINT

For her complaint plaintiff Jennifer L. Brinkmeier ("Plaintiff"), by and through the undersigned attorneys, alleges as follows:

## THE PARTIES

1.     Plaintiff is person residing in Philadelphia, Pennsylvania.

2.     On information and belief, Defendant Graco Children's Products Inc. ("Graco" or "Defendant") is a Delaware corporation with a principal place of business at 150 Oaklands Boulevard, Exton, Pennsylvania 19341.

3.     Graco is one of the world's best known and most trusted juvenile products companies.

4.     Graco is one of the world's best known and most trusted juvenile products companies. *See* Ex. A.

## JURISDICTION AND VENUE

5.     This is an action for patent misuse, arising under the patent laws of the United States, 35 U.S.C. § 292.

6.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

8.      This Court has personal jurisdiction over Defendant Graco.  Upon information and belief, Graco is a Delaware corporation and has committed acts of false marking.

## THE PATENTS

### A.      The Playard Patents

9.      U.S. Patent No. 4,811,437 (the "'437 patent"), entitled "Foldable Playard", issued March 14, 1989 and expired June 26, 2007.

10.     Upon information and belief, Graco sued two competitors for infringing the '437 patent.  *See, e.g., Graco Children's Prods. Inc. v. Regalo Int'l LLC*, 167 F. Supp. 2d 763 (E.D. Pa. 2001); *Graco Children's Prods., Inc. v. Century Prods. Co.*, No. CIV. A. 93-6710, 1996 WL 421966 (E.D. Pa. July 23, 1996).

11.     U.S. Patent No. 5,862,548 (the "'548 patent"), entitled "Playyard System and Canopy," issued January 26, 1999.

12.     U.S. Patent No. 5,916,828 (the "'828 patent"), entitled "Material for Use in a Canopy," issued June 29, 1999.

13.     U.S. Patent No. 6,192,535 (the "'535 patent"), entitled "Storage Unit and Canopy for a Folding Play Yard with a Bassinet," issued February 27, 2001.

14.     U.S. Patent No. 6,233,759 (the "'759 patent"), entitled "Combination Folding Play Pen with Changing Table and Bassinet," issued May 22, 2001.

15.     U.S. Patent No. 6,543,070 (the "'070 patent"), entitled "Playard and a Changing Table Thereof," issued April 8, 2003.

2

16.     U.S. Patent No. D390,730 (the "'730 patent"), entitled "Canopy for Juvenile Playard," issued February 17, 1998.

17.     U.S. Patent No. D429,929 (the "'929 patent"), entitled "Organizer for a Playard," issued April 29, 2000.

18.     U.S. Patent No. D462,532 (the "'532 patent"), entitled "Playard," issued September 10, 2002.

19.     U.S. Patent No. D464,220 (the "'220 patent"), entitled "End Top for Use with a Playard," issued October 15, 2002.

**B.     The Website Patents**

20.     U.S. Patent No. 4,745,468 (the "'468 patent"), entitled "System for Evaluation and Recording of Responses to Broadcast Transmissions," issued May 17, 1988 and expired March 10, 2006.

21.     U.S. Patent No. 4,876,592 (the "'592 patent"), entitled "System for Merchandising and the Evaluation of Responses to Broadcast Transmissions," issued October 24, 1989 and expired May 10, 2008.

22.     U.S. Patent No. 4,926,255 (the "'255 patent"), entitled "System for Evaluation of Responses to Broadcast Transmissions," issued May 10, 1990 and expired May 10, 2008.

23.     U.S. Patent No. 5,128,752 (the "'752 patent"), entitled "System and Method for Generating and Redeeming Tokens," issued July 7, 1992.

24.     U.S. Patent No. 5,249,044 (the "'044 patent"), entitled "Product Information Storage, Display, and Coupon Dispensing System," issued September 28, 1993.

25.     U.S. Patent No. 5,283,734 (the "'734 patent"), entitled "System and Method of Communication with Authenticated Wagering Participation," issued February 1, 1994.

26.     U.S. Patent No. 5,368,129 (the "'129 patent"), entitled "Retail Facility with Couponing," issued September 29, 1994 and expired November 29, 2006.

27.     U.S. Patent No. 5,697,844 (the "'844 patent"), entitled "System and Method for Playing Games and Rewarding Successful Players," issued December 16, 1997.

28.     U.S. Patent No. 5,713,795 (the "'795 patent"), entitled "System and Method of Communication with Authenticated Wagering Participation," issued February 3, 1998.

29.     U.S. Patent No. 5,759,101 (the "'101 patent"), entitled "Central and Remote Evaluation of Responses of Participatory Broadcast Audience with Automatic Crediting and Couponing," issued June 2, 1998.

30.     U.S. Patent No. 5,916,024 (the "'024 patent"), entitled "System and Method of Playing Games and Rewarding Successful Players," issued June 29, 1999.

31.     U.S. Patent No. 6,443,840 (the "'840 patent"), entitled "Evaluation of Responses of Participatory Broadcast Audience with Prediction of Winning Contestants; Monitoring, Checking and Controlling of Wagering, and Automatic Crediting and Couponing," issued September 3, 2002.

**C.     The Car Seat Patents**

32.     U.S. Patent No. D298,388 (the "'388 patent"), entitled "A Child's Safety Seat for an Automobile," issued November 8, 1988 and expired November 8, 2002.

33.     U.S. Patent No. D356,658 (the "'658 patent"), entitled "Seat Belt Splitter Plate," issued March 28, 1995 and expired March 28, 2009.

34.     U.S. Patent No. 4,632,460 (the "'460 patent"), entitled "Seat Belt Fastener," issued December 30, 1986 and expired October 10, 2005.

35.     U.S. Patent No. 5,536,066 (the "'066 patent"), entitled "Harness for Fixing a Child Restraint onto a School Bus Seat," issued July 16, 1996.

36.     U.S. Patent No. 5,683,138 (the "'138 patent"), entitled "Adjustable Shield for Infant Car Seat Safety Belts," issued November 4, 1997 and expired November 4, 2005.

## COUNT I - Playards

37.     Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-36 of this Complaint.

38.     Upon information and belief, Defendant has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, among other things, baby and infant products.

39.     Upon information and belief, the purpose of patent marking is to encourage the patentee to give notice to the public of the patent.

40.     Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, a number of its playards with at least one expired patent and/or patents having scopes which do not cover the marked products.

41.     Specifically, upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following

5

products with the '437,'548, '828, '535, '759, '070, '730, '929, '532, and/or '220 patents:

playards, including, but not limited to, Pack 'N Play Bombay Collection (Item No.

135952); Pack 'N Play Deco Collection (Item No. 149848); Pack 'N Play Catalina

Collection (Item No. 958902); Pack 'N Play Elyse Collection (Item No. 149856); Pack

'N Play Nouvelle Collection (Item No. 945948); Pack 'N Play (Item No. 952416); Pack

'N Play Utopia Collection (Item No. 958910); Pack 'N Play Playard Models 9D04MIA,

9D04JEN, 1750716, 1756465, 9J00OAS, 9883GRM, 9965MIN, 9351RSH, 1755921,

1751623, 9G01TAN, 9G01SFR, 1751939, 1750466, 9G01SFR, 9G01TAN, 9957RIT,

9448CRA, 1751559, 9955SML, 1756487, 9999SOU, 9E00KWD, 1748087, 1756592,

9453MRG, 1756461, 1756486, 9EO2ZOE, 1756579, 1750716, 9E04KRA, 9E04GPR,

1750492, 1755921, 1751623, 9351RSH, 1756487, 1751623, 1756465, 9J00OAS,

9E14NOU, 1749822, 9E00KWD, 9E03DCF, 1755920, 9L00SOR; Suite Solutions Pack

'N Play Playard Models 9A00BKR and 9A00RIT; Pack 'N Play Playard w/ Newborn

Napper Models 1751080, 1750510, 1756489, 1750854, and 1751557; Pack 'N Play

Modern Playard Models 1750167 and 1751956; Silhouette Pack N' Play Playard Models

9B08GNA, 9B08CAT, 1756464, 9B10CTM, and 9B10CAD; and Pack 'N Play Element

Playard Models 1750717, 1750490, and 1750604; Travel Lite Crib Models 1751558,

9C01BET, 9C01AMS, 1749735, 1750468, 9C01MNA, and 9097RIT; and Bedroom

Bassinet Models 1750744 and 9K01GRC.

42.    A cursory review of a sampling of products accused of being falsely marked in

paragraph 41 establishes that not all of the playards so marked have canopies, changing

tables, and/or storage units. (*See, e.g.,* Exs. O-S.)  Consequently, the '548 patent, the '828

patent, the '535 patent, the '759 patent, the '070 patent, the '730 patent, the'929 patent,

the '532 patent, and/or the '220 patent unmistakably do not cover many of the products on which they are marked.

43.     When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

44.     Upon information and belief, Defendant is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.

45.     For example, Graco has sued two competitors for infringing the '437 patent and Graco has been accused of infringing patents.

46.     Upon information and belief, Graco has an in-house Intellectual Property Manager in Exton, PA who has been employed by Graco since 1995.

47.     Upon information and belief, Graco's Intellectual Property Manager has personal knowledge of Graco's patent portfolio, including Graco's marking of its products pursuant to U.S. patent laws.

48.     Upon information and belief, Graco's Intellectual Property Manager is responsible for Graco's intellectual property and patent markings.

49.     Upon information and belief, Defendant knows by itself or by its representatives at least constructively that patents expire (i.e., that patents do not have an indefinite duration), and is, or should be, aware of when litigated patents expire given the added attorney effort involved in enforcing or defending against litigated patents.

50.     Upon information and belief, Defendant knows, or at least should know (itself or by its representatives), that the '437 patent marked on the products identified in paragraph 41 above are expired.

51.     Upon information and belief, Defendant knows that the products identified in paragraph 41 above are not covered by the expired '437 patent marked on such products because expired patents have no monopoly rights.

52.     Certain patents marked on the products identified in paragraph 39 above, directly or on the packaging thereof, have scopes which unmistakably do not cover the products on which such patents are marked.  Accordingly, Defendant cannot have any reasonable belief that such products are protected by such patents, including, but not limited to, the '548 patent, the '828 patent, the '535 patent, the '759 patent, the '070 patent, the '730 patent, the '929 patent, the '532 patent, and/or the '220 patent.

53.     Upon information and belief, Defendant knows, or at least should know, itself or by its representatives, that certain of the products identified in paragraph 41 above are marked, directly or on the packaging thereof, with patents which have scopes which do not cover such products and, therefore, that such products are not protected by such patents, including, but not limited to, the '548 patent, the '828 patent, the '535 patent, the '759 patent, the '070 patent, the '730 patent, the '929 patent, the '532 patent, and/or the '220 patent.

54.     Upon information and belief, Graco has previously accused companies of patent infringement and Graco has been accused of patent infringement.

55.     As a sophisticated company with, upon information and belief, an in-house Intellectual Property Manager, Graco knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.

56.     Upon information and belief, Graco reviews and revises the patent markings on the products identified in paragraph 41 above.

8

57.     Graco marked a 2007 Pack n' Play with 21 U.S. patents and 34 foreign patents (*see* Exs. C-D); a 2008 Pack n' Play with 21 U.S. patents and 33 foreign patents (*see* Exs. E-F); two 2009 Pack n' Plays with 25 U.S. patents and 40 foreign patents (*see* Exs. G-J); and two 2009 Pack n' Plays with 21 U.S. Patents and 33 foreign patents (*see* Exs. K-N).

58.     A foreign patent – ZL 200520111341.2 – is listed in Graco's 2007 patent marking on its playards, but was removed from the list of patents in its 2008 patent marking.  (*See* Exs. D, F.)

59.     Given Graco's litigation experience with the '437 patent, Graco knew or should have known that the '437 patent expired when it revised its product markings after June 2007.

60.     Between 2008 and 2009, Graco added 11 patents to the patent markings on the playards – 4 U.S. patents and 7 foreign patents – and, upon information and belief, intentionally continued to list the expired '437 patent.  (*See* Exs. F, H, J.)

61.     Regarding its 2009 patent markings on the playards, not all of the 2009 patent markings are the same – some products are marked with more or less patents than other products – demonstrating that, upon information and belief, Graco performed an analysis to determine which patents to list on which products (*see* Exs. F, H, L, N), and Graco knew – and continues to know – that the markings on its products must be differentiated because its products materially differ from each other in terms of patented features.

62.     In response to receiving Plaintiff's Complaint filed April 20, 2009, upon information and belief, Graco's Intellectual Property Manager reviewed the patent markings on the products identified in paragraph 41, and Graco removed the expired '437 patent from the patent markings on its playards.  However, Graco did not remove from

the patent markings any of the patents having scopes which do not cover the playards identified in paragraph 41.

63.     Thus, upon information and belief, Graco revised its patent markings at least three times since the expiration of the '437 patent in June 2007.

64.     At least because of the differences in patent markings set forth above, Graco's having sued competitors for infringing the '437 patent, and Graco's having an in-house Intellectual Property Manager who reviewed the patent markings on the labels for the products identified in paragraph 41, upon information and belief, Graco intentionally included the expired '437 patent and patents which do not cover the products on which they are marked in the patent markings.

65.     At least for the reasons set forth herein, and/or for other reasons which will later be evidenced, Defendant has, upon information and belief, falsely marked its products, with the intent to deceive the public, in violation of 35 U.S.C. § 292.

66.     Upon information and belief, Graco marked products identified in paragraph 41 with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent.

67.     The expired patent marked on the products identified in paragraph 41 above is likely to, or at least has the potential to, discourage or deter others from commercializing a competing product, especially since Graco previously sued competitors for infringing the now expired '437 patent.

68.     Each patent marked on the products identified in paragraph 41 above, even though those products are not within the scope of that patent, is likely to, or at least has the potential to, discourage or deter others from commercializing a competing product.

69.     Upon information and belief, Graco knows, or reasonably should know, that marking the products identified in paragraph 41 above with false patent statements was and is illegal under Title 35 of the United States Code.  At a minimum, Graco had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

70.     Upon information and belief, Defendant's marking of its products with the number of an expired patent and/or the numbers of patents having scopes which do not cover the marked products, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

71.     Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent monopolies which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described products in the market place.

72.     For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product likely, or at least potentially, contributes to the public harm.

73.     For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each patent which is marked on a product which has a scope which does not cover the product on which it is marked, directly or on the packaging thereof, likely, or at least potentially, contributes to the public harm.

74.     Thus, each expired patent marked on a product and/or each patent which is marked on a product, directly or on the packaging thereof, which has a scope that does

not cover the product on which it is marked, multiplied by the number of products and/or packaging materials on which it appears (e.g., each individual product or package sold in a retail store or online), is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## COUNT II – Website

75.     Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-74 of this Complaint.

76.     Graco advertises its products on the Internet at http://www.gracobaby.com.

77.     The Legal Notices on Graco's website, attached at Exhibit B, states that "material on this site may be protected by one or more U.S. Patents . . . ." Ex. B at p. 5.

78.     Upon information and belief, material about at least the products identified in paragraph 41 is or were material found on Graco's website.

79.     Upon information and belief, Defendant knows, or at least should know (itself or by its representatives), that the '468, '592, '255, and '129 patents marked on Graco's website are expired.

80.     Defendant cannot have any reasonable belief that the products described on Graco's website, including, but not limited to, those products identified in paragraph 41 above, and the processes found on or in Graco's website are covered by the expired patents identified on Graco's website because all monopoly rights in an expired patent have terminated.

81.     A review of Graco's website establishes that there currently are no contests running on the website.  Consequently, the '752 patent, the '734 patent, the '844 patent, the '795 patent, the '024 patent, and/or the '840 patent unmistakably do not cover the website or the material or processes on the website.

12

82.   Upon information and belief, Graco previously was accused of infringing the '468, '592, '255, '129,'752,'044, '734, '129, '844,'795, '101, '024, and '840 patents. Upon information and belief, Graco settled the dispute and executed a confidential settlement agreement that required Graco to mark its website material with the following paragraph:

> Material on this site may be subject to one or more U.S. Patents used under license from Applied Interact LLC:  Numbers 4,745,468, 4,876,592, 4,926,255, 5,034,807, 5,057,915, 5,128,752, 5,227,874, 5,249,044, 5,283,734, 5,368,129, 5,508,731, 5,697,844, 5,713,795, 5,759,101, 5,916,024, 6,443,840.

83.   The'752 patent, '044 patent, the '734 patent, the '129 patent, the '844 patent, the '795 patent, the '101 patent, the '024 patent, and the '840 patent identified on Graco's website have scopes which unmistakably do not cover the materials found on or the processes of the website, including, but not limited to, the materials corresponding to at least the products identified in paragraph 41 above and Graco's website processes themselves.  Accordingly, Defendant cannot have any reasonable belief that such products on and processes of its website are protected by such patents.

84.   Upon information and belief, Graco was contractually obligated to mark its website with expired patents and patents having scopes which unmistakably do not cover the materials found on or processes of the website.  Thus, Graco intentionally acted in conformance with the contract.

85.   Upon information and belief, from time to time, Graco's website features special offers and contests for Graco's customers.  Thus, Defendant knows, or at least should know (itself or by its representatives), that certain patents in the patent marking do not cover the products on or the processes of the website when no contest or special offer is

13

featured on the website.  Graco, upon information and belief, intentionally included those patents in the patent marking when no special offer or contest was featured on its website.

86.     In response to receiving Plaintiff's Complaint filed April 20, 2009, upon information and belief, Graco's Intellectual Property Manager reviewed the website patent marking and Graco removed the expired patents from the patent marking. However, Graco did not remove from the patent markings non-expired patents having scopes which do not cover the products on or the processes of Graco's website, including, but not limited to, the '752 and '734 patents.  (*See* Ex. T.)

87.     Upon information and belief, Graco revised its website patent markings at least once.

88.     At least because of the differences in patent markings set forth above and Graco's having an in-house Intellectual Property Manager who reviewed the patent markings on the website, upon information and belief, Graco intentionally included the expired patents and patents which do not cover the products on or processes of the website on which they are marked in the patent markings.

89.     At least for the reasons set forth herein, and/or for other reasons which will later be evidenced, Defendant has, upon information and belief, falsely marked its products and website, with the intent to deceive the public, in violation of 35 U.S.C. § 292.

90.     Upon information and belief, Graco marks products identified in paragraph 41 and its website with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products or website is covered by or protected by each of the expired patents, including, but not limited to, the '468, '592, '255, and '129 patents.

91.     Upon information and belief, Defendant knows, or at least should know, itself or by its representatives, that extending a patent's monopoly through a contractual agreement may be a violation of antitrust law.

92.     Upon information and belief, Defendant knows, or at least should know, itself or by its representatives, that certain of the patents identified on Graco's website have scopes which do not cover the products identified in paragraph 41 above or certain other products described on Graco's website or the processes of Graco's website, and therefore that such products and website are not protected by such patents, including, but not limited to, the '752, '044, '734, '129, '844, '795, '101, '024, the '840 patents.

93.     Each expired patent identified on Graco's website is likely to, or at least has the potential to, discourage or deter others from commercializing a product or website that competes with any of the products described on Graco's website or the processes of Graco's website.

94.     Each patent marked on Graco's website, even though those products and website processes are not within the scope of that patent, is likely to, or at least has the potential to, discourage or deter others from commercializing a competing product or website.

95.     Upon information and belief, Defendant's marking of its website with the numbers of expired patents and/or the numbers of patents having scopes which do not cover the materials or products described on or the processes of the website, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such materials, products and website processes to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

96.     Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent monopolies which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described products in the market place.

97.     For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on Graco's website likely, or at least potentially, contributes to the public harm.

98.     For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each patent which is marked on a website as covering the materials found on and/or the processes of the website and which has a scope which does not cover the products which are described on the website or the processes of the website likely, or at least potentially, contributes to the public harm.

99.     Thus, each expired patent marked on a website containing material about a product and having website processes and/or each patent which is marked on a website containing material about a product and having website processes which has a scope which does not cover the product described and website processes, multiplied by the number of products described on the website and the number of website processes is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## COUNT III – Car Seats

100.    Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-99 of this Complaint.

101.    Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, a number of its car seats with at

least one expired patent and/or patents having scopes which do not cover the marked products.

102.    Specifically, upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following products with the '388, '658, '460, '066 and/or '138 patents:  car seats, including, but not limited to, Comfortsport Convertible Car Seat Models 8631DRA, 1758076, 1748072, 8639COS2, 1761383, 1758078, 8C04WCL2, 1757845, 1750242, 1747504, 8C00MID2, 8C04WTN2, 1747502, 1756107, 8C00LNW2, 8C04FCA2, 1749820, 8C00TMB2, 1757846, 8433FOF, 8629TWL, 8630MTR, 8631DFT, 8631DRA, 8632PSO, 8635TAC, 8639COS, 8C00BLG, 8C00DMN, 8C00GRP, 8C00LNW, 8C00MID, 8C00TMB, 8C01SVD, 8C01WTN, 8C02MGI, 8C02MRC, 8C03HAL, 8C03WCF, 8C04FRR, and 8C04FRR2.

103.    Upon information and belief, Graco's car seats have been accused of infringing patents, including patents owned by Dorel Juvenile Group, Inc.  To defend itself against the patent infringement allegations, upon information and belief, Graco studied the features of its car seats.

104.    Claim 1 of the '066 patent requires, among other features, "a bench seat of the kind used in public transportation, having a substantially flat seating surface."  Graco's car seats are not sold with such a bench seat.  Accordingly, the '066 patent has a scope which unmistakably does not cover the products on which it is marked.

105.    Upon information and belief, Defendant knows by itself or by its representatives at least constructively that patents expire (i.e., that patents do not have an indefinite duration), and is, or should be, aware of when litigated patents expire given the added attorney effort involved in enforcing or defending against litigated patents.

17

106.    Upon information and belief, Defendant knows, or at least should know (itself or by its representatives), that the '388, '658, '460 and/or '138 patents marked on the products identified in paragraph 102 above are expired.

107.    Upon information and belief, Defendant knows that the products identified in paragraph 102 above are not covered by the expired '388, '658, '460 and/or '138 patents marked on such products because expired patents have no monopoly rights.

108.    Certain patents marked on the products identified in paragraph 102 above, directly or on the packaging thereof, have scopes which unmistakably do not cover the products on which such patents are marked.  Accordingly, Defendant cannot have any reasonable belief that such products are protected by such patents, including, but not limited to, the '066 patent.

109.    Upon information and belief, Defendant knows, or at least should know, itself or by its representatives, that certain of the products identified in paragraph 102 above are marked, directly or on the packaging thereof, with patents which have scopes which do not cover such products and, therefore, that such products are not protected by such patents, including, but not limited to, the '066 patent.

110.    As a sophisticated company with, upon information and belief, an in-house Intellectual Property Manager, Graco knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.

111.    Upon information and belief, Graco marks the products identified in paragraph 102 with a sticker containing a list of 17 U.S. patents and 14 foreign patents.  (*See, e.g.,* Exs. U-V).

112.    Upon information and belief, it would not be cost prohibitive for Graco to have new stickers created which listed non-expired patents whose scopes cover the car seats.

113.    Upon information and belief, Graco, aware of the requirements of 35 U.S.C.

§292, falsely marked products identified in paragraph 102 after being served Plaintiff's

Complaint filed April 20, 2009.  (*See, e.g.,* Exs. U-V.)

114.    At least for the reasons set forth herein, and/or for other reasons which will later

be evidenced, Defendant has, upon information and belief, falsely marked its products,

with the intent to deceive the public, in violation of 35 U.S.C. § 292.

115.    Upon information and belief, Graco marked products identified in paragraph 102

with expired patents for the purpose of deceiving the public into believing that something

contained in or embodied in the products is covered by or protected by the expired patent.

116.    The expired patents marked on the products identified in paragraph 102 above are

likely to, or at least has the potential to, discourage or deter others from commercializing

a competing product, especially since Graco has previously sued competitors for patent

infringement.

117.    Each patent marked on the products identified in paragraph 102 above, even

though those products are not within the scope of that patent, is likely to, or at least has

the potential to, discourage or deter others from commercializing a competing product.

118.    Upon information and belief, Graco knows, or reasonably should know, that

marking the products identified in paragraph 102 above with false patent statements was

and is illegal under Title 35 of the United States Code.  At a minimum, Graco had and

has no reasonable basis to believe that its use of the false markings was or is proper or

otherwise permitted under federal law.

119.    Upon information and belief, Defendant's marking of its products with the

numbers of expired patents and/or the numbers of patents having scopes which do not

cover the marked products, as described above and/or as will be further later evidenced,

has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

120.    Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent monopolies which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described products in the market place.

121.    For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product likely, or at least potentially, contributes to the public harm.

122.    For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each patent which is marked on a product which has a scope which does not cover the product on which it is marked, directly or on the packaging thereof, likely, or at least potentially, contributes to the public harm.

123.    Thus, each expired patent marked on a product and/or each patent which is marked on a product, directly or on the packaging thereof, which has a scope that does not cover the product on which it is marked, multiplied by the number of products and/or packaging materials on which it appears (e.g., each individual product or package sold in a retail store or online), is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that it have judgment against Defendant for the following:

a.      A decree that Defendant has falsely marked products in violation of 35 U.S.C. § 292;

b.      An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States of America;

c.      An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

d.      A decree that this case is exceptional pursuant to 35 U.S.C. § 285;

e.      An award of all costs of this action, including attorneys' fees and interest; and

f.      Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.


Dated:  January 8, 2010                    STAMOULIS & WEINBLATT LLC

                                           */s/ Richard C. Weinblatt*
                                           Stamatios Stamoulis #4606
                                                stamoulis@swdelaw.com
                                           Richard C. Weinblatt #5080
                                                weinblatt@swdelaw.com
                                           Two Fox Point Centre
                                           6 Denny Road, Suite 307
                                           Wilmington, DE 19809
                                           Telephone:  (302) 999-1540

                                           *Attorneys for Plaintiff*

21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER L. BRINKMEIER

Plaintiff,

v.

GRACO CHILDREN'S PRODUCTS INC.

Defendant.

Civil Action No. 09-cv-262-JJF

**JURY TRIAL DEMANDED**

## VERIFICATION

I, Jennifer L. Brinkmeier, declare as follows:

1.     I am over eighteen years of age and have personal knowledge of the facts
contained in this Declaration.

2.     I have read the foregoing complaint, which I declare to be true and correct
to the best of my knowledge, information, and belief.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2009.

Jennifer L. Brinkmeier