IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER L. BRINKMEIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-262-JJF |
| | : | |
| GRACO CHILDREN'S PRODUCTS INC., | : | |
| | : | |
| Defendant. | : | |

Stamatios Stamoulis, Esquire, and Richard C. Weinblatt, Esquire,
of STAMOULIS & WEINBLATT LLC, Wilmington, Delaware.

Attorneys for Plaintiff.

Lynn E. Rzonca, Esquire, and Melissa J. Lore, Esquire, of BALLARD
SPAHR ANDREWS & INGERSOLL, LLP, Philadelphia, Pennsylvania.
Beth Moskow-Schnoll, Esquire, of BALLARD SPAHR ANDREWS &
INGERSOLL, LLP, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

February **16** , 2010
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is Defendant Graco Children

Products Inc.'s Motion To Dismiss (D.I. 4), and Plaintiff

Jennifer L. Brinkmeier's Motion For Leave To File Amended

Complaint (D.I. 12). For the reasons discussed, Plaintiff's

Motion will be granted,[1] and Defendant's Motion will be granted

in part and denied in part.

## I. Background

Defendant Graco Children's Products Inc. ("Defendant") is a

leading juvenile products company (D.I. 1 ¶3) incorporated in

Delaware with its principal place of business in Exton,

Pennsylvania (id. ¶2). Plaintiff Jennifer L. Brinkmeier is a

Pennsylvania resident. (Id. ¶1.) Plaintiff filed suit against

Defendant in this Court on April 20, 2009, alleging that

Defendant engaged in false product marking under 35 U.S.C. § 292

---

[1] Defendant does not oppose Plaintiff's Motion For Leave To
File Amended Complaint, and believes that the arguments made in
its Motion To Dismiss regarding Plaintiff's alleged pleading
deficiencies are still valid and dispositive. (D.I. 14, at 1-2.)
However, in its Reply Memorandum In Further Support Of Motion For
Leave To File Amended Complaint (D.I. 16), Plaintiff attached a
version of the Amended Verified Complaint (id., Ex. 1) which
differs from the Amended Verified Complaint originally attached
to the Motion For Leave To File Amended Complaint (D.I. 12, Ex.
1). This essentially amounts to a proposed Second Amended
Complaint, but the Court will not consider it. "A party who
moves to amend a pleading shall attach to the motion (a) [t]he
proposed pleading as amended, complete with a handwritten or
electronic signature." D. Del. R. 15.1. Accordingly, the Court
considers the only version of the Amended Verified Complaint
properly brought- the first version. To the extent Defendants'
Motion To Dismiss will be granted, it will be granted without
prejudice, see infra p. 13, and Plaintiff will have an
opportunity to file a Second Amended Complaint.

by marking certain children's products and its website with
expired patents and patents that do not cover the products or
website. (D.I. 1.)

## II. **Parties' Contentions**

By its Motion To Dismiss, Defendant makes two primary
arguments. First, Defendant contends that Plaintiff has failed
to state a claim for false marking because Plaintiff has not pled
that the products at issue are unpatented. (D.I. 5, at 7.) With
respect to Count I, involving certain specific playard products
manufactured and marketed by Defendant, Defendant contends that a
product is not unpatented if it is covered by at least one claim
of one of the patents listed on the product's label. (Id. at 7-
8.) With respect to Count II, involving material found on
Defendant's website, Defendant repeats the above assertion. (Id.
at 8-9.) Further, Defendant contends that the patents listed on
the website are not intended to cover Defendant's products, but
rather, to refer to systems for online contests, coupons and
shopping. (Id.) Plaintiff responds that it has sufficiently
pled false marking because a product is unpatented if it is not
covered by at least one claim of each patent with which the
product is marked. (D.I. 6, at 7.)

Defendant's second primary argument is that the heightened
pleading standard of Rule 9(b) of the Federal Rules of Civil
Procedure applies because a claim under § 292 is a *qui tam* action

2

and sounds in fraud. (D.I. 5, at 10.) Defendant asserts that
Plaintiff has failed to state a claim because any specific
allegations of false patent marking and intent to deceive are
averred generally, on information and belief, rather than pled
with particularity. (Id. at 11-13.) Plaintiff contests the
application of Rule 9(b) to a false marking claim, and argues
that only notice pleading is required. (D.I. 6, at 16.)
Alternatively, Plaintiff contends that even if Rule 9(b) applies,
it has pled with sufficient particularity. (Id. at 18-19.)

## III. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,
a defendant may move for dismissal based on a plaintiff's
"failure to state a claim upon which relief can be granted."
Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss
under Rule 12(b)(6), the Court must accept all factual
allegations in a complaint as true and view them in the light
most favorable to the plaintiff. See Christopher v. Harbury, 536
U.S. 403, 406 (2002). A complaint must contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief." Fed. R. Civ. P. 8(a)(2). Assuming the factual
allegations are true, even if doubtful in fact, the "factual
allegations must be enough to raise a right to relief above the
speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544,
555 (2007). While the complaint need not make detailed factual

3

allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombley, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombley, 550 U.S. at 570.

## IV. **Discussion**

### A. Whether Plaintiff Sufficiently Pled That Products At Issue Are Unpatented

The Court concludes that the Amended Verified Complint (D.I. 12, Ex. 1) ("Amended Complaint") sufficiently pleads that the products at issue are unpatented within the meaning of § 292. In Count I, Plaintiff alleges that Defendant "has in the past marked, or caused to be marked, and presently marks, or causes to be marked" numerous models of playards "with the '437, '548, '828, '535, '759, '070, '730, '929, '532, and '220 patents."

4

(D.I. 12, Ex. 1 ¶ 41.)  In Count II, Plaintiff alleges that
"[t]he '752 patent, '044 patent, the '734 patent, the '129
patent, the '844 patent, the '795 patent, the '101 patent, the
'024 patent, and the '840 patent identified on [Defendant]'s
website have scopes which unmistakably do not cover . . . the
materials corresponding to the products identified in paragraph
41 above and [Defendant]'s website processes themselves."  (Id. ¶
83.)  In Count III, Plaintiff alleges that "Defendant has in the
past marked, or caused to be marked, and presently marks, or
causes to be marked" numerous models of car seats "with the '388,
'658, '460, '066 and/or '138 patents."  (Id. ¶ 90.)

    Section 292 of the Patent Act prohibits three types of false
markings: (1) counterfeit marking; (2) false patent marking
(i.e., the use of a patent mark on an unpatented article); and
(3) false patent pending marking.  7 Donald S. Chisum, Chisum on
Patents § 20.03[7][c][vii].  Specifically, the statute provides

    Whoever, marks upon, or affixes to, or uses in advertising
    in connection with any unpatented article, the word "patent"
    or any word or number importing the same is patented for the
    purpose of deceiving the public . . . [s]hall be fined not
    more than $500 for every such offense.

35 U.S.C. § 292(a).  Thus, to establish false marking, a
plaintiff must show (1) a marking importing that the article is
patented (2) falsely affixed to (3) an unpatented article (4)
with the intent to deceive the public.  Juniper Networks v.
Shipley, No. C 09-0696 SBA, 2009 U.S. Dist. LEXIS 40978, at *7

5

(N.D. Cal. May 13, 2009); see also Clontech Labs., Inc. v.
Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005).

The Court rejects Defendant's contention that no actionable
mismarking can occur if the product at issue is covered by at
least one claim of one of the patents listed. In Clontech, the
Federal Circuit explicitly stated "[w]hen the statute refers to
an 'unpatented article' the statute means that the article in
question is not covered by at least one claim of each patent with
which the article is marked." Clontech, 406 F.3d at 1352
(emphasis added). Defendant attempts to distinguish Clontech,
arguing that Clontech did not address a situation involving
conditional marking language.[2]  This distinction is untenable for
several reasons. First, Defendant relies on Arcadia Machine &
Tool Inc. v. Sturm, Ruger & Co., Inc., 786 F.2d 1124 (Fed. Cir.
1986), for the proposition that conditional marking language is
not deceptive, even if all of the patents listed do not cover the
marked product. However, the Federal Circuit did not discuss the
use of conditional marking language in Arcadia; rather, it
affirmed the district court's grant of summary judgment because

---

[2] Defendant maintains that it "never represented that any of
its products was expressly covered by each of the patents listed
on its labels. Instead it relied on the accepted practice of
using conditional marking language 'protected by one or more of
the following patents...'" (D.I. 9, at 11.)

6

the plaintiff had produced no evidence of intent to deceive.[3]
Arcadia, 786 F.2d at 1125.

Second, Defendant cites to *Chisum on Patents*, which states
in the context of 35 U.S.C. § 287[4] that "courts have approved the
common practice of listing multiple patent numbers with a
statement that the article is covered by 'one or more' of the
patents." 7 Donald S. Chisum, Chisum on Patents §
20.03[7][c][iii]. However, Defendant cites no case law which
supports its position that, as a per se matter, Clontech does not
apply to situations where conditional marking language is used.
Third, district courts which have discussed § 292 in the wake of
Clontech seem to support Plaintiff's position that Clontech's
definition of unpatented article applies in situations where
conditional marking language is used. See Pequignot v. Solo Cup

_____

[3] Additional support for the conclusion that Arcadia was
decided on fact-specific grounds and does not stand for the
proposition for which it is cited by Defendant can be found in
Clontech: "[O]nly one precedent has substantively addressed [35
U.S.C. § 292], and in that [Arcadia] case, we affirmed, without
discussion of the text of the statute, the trial court's holding
that no violation of the statute had occurred because the
plaintiff failed 'to produce any evidence of intent to deceive
the public.'" Clontech, 406 F.3d at 1351-52.

[4] In relevant part, 35 U.S.C. § 287 provides that
"[p]atentees, and persons making, offering for sale, or selling
within the United States any patented article for or under them .
. . may give notice to the public that the same is patented,
either by fixing thereon the word 'patent' or the abbreviation
"pat.", together with the number of the patent, or when, from the
character of the article, this can not be done, by fixing to it,
or to the package wherein one of more of them is contained, a
label containing a like notice."

Co., 540 F. Supp. 2d 649, 654-55 (E.D. Va. 2008)(denying
defendant's motion to dismiss, which argued that conditional "may
be" phrasing cannot, as a matter of law, violate § 292, because
"[t]he marking at issue need not explicitly state that the
product is patented to constitute a false marking."); DP Wagner
Mfg. Inc. v. Pro Patch Sys., Inc., 434 F. Supp. 2d 445, 455 (S.D.
Tex. 2006)(internal citations omitted)(emphasis in
original)(finding the Federal Circuit's statement in Clontech
that "the term 'unpatented article' means that the article in
question is not covered by at least one claim of each patent with
which the article is marked . . . is controlling in this case,
notwithstanding the fact that other courts may have interpreted
the term differently in the past."); Astec Am., Inc. v. Power-
One, Inc., C.A. No. 6:07-cv-464, 2008 WL 1734833, at *11 (E.D.
Tex. Apr. 11, 2008)(denying defendant's motion to dismiss and
finding that "[t]he issues of whether [defendant]'s practice of
marking its products with the 'one or more' language constitutes
false marking . . . turns on whether [plaintiff] can show that
[defendant] implemented this marking practice with the intent to
deceive the public."). While these cases are not binding on this
Court, they do serve as persuasive authority.

Similarly, the Court rejects Defendant's contention that
marking a product with expired patents cannot constitute
actionable mismarking as long as the product is actually

8

patented.  (D.I. 5, at 8.)  "There is little authority on whether continued use of a patent number on an article after expiration of the patent constitutes mismarking."  7 Donald S. Chisum, Chisum on Patents § 20.03[7][c][vii].  Under Clontech, it appears that a product marked with expired patents and valid patents would be an unpatented article for purposes of § 292.  As previously discussed, Defendant has not provided this Court with any legitimate reason to stray from Clontech's definition of unpatented article in the present action.  Moreover, "a strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent."  Id.  Accordingly, the Court concludes that Counts I, II, and II sufficiently plead that Defendant's products are unpatented articles.

## B.   Whether Plaintiff Has Sufficiently Pled Intent To Deceive

The parties disagree on whether false marking claims under § 292 are subject to the heightened pleading requirements of Rule 9(b) or the general pleading requirements of Rule 8(a).  The Court need not resolve this dispute because the Amended Complaint, in large part, fails to sufficiently plead a required element- intent to deceive- under even the liberal pleading standards of Rule 8(a).

Taking all factual allegations in Count I as true, the Court presumes that Defendant employs an Intellectual Property Manager

9

responsible for patent markings, and that the '548, '828, '535, '759, '070, '730, '929, '532, and '220 patents do not cover the products listed in paragraph 41 of the Amended Complaint. Plaintiff alleges that because the scopes of these patents do not cover the marked products, Defendant "cannot have any reasonable belief that such products are protected by such patents" and that Defendant "knows, or should know" that the products have been falsely marked. (D.I. 12, Ex. 1 ¶¶ 52-53.) Further, Plaintiff alleges "[u]pon information and belief, [Defendant] marked products identified in paragraph 41 with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s]." (Id. ¶ 66.) The Court cannot discern any other allegations in Count I which could be taken as asserting Defendant's intent to deceive with respect to the '548, '828, '535, '759, '070, '730, '929, '532, and '220 patents. These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the "mere labels and conclusions" prohibited by Twombley.

With respect to the '437 patent marking, however, Plaintiff has sufficiently pled that Defendant had the requisite intent to deceive. Plaintiff alleges that Defendant has been sued by two competitors for infringing the '437 patent (id. ¶ 45), and that

10

Defendant has revised its patent markings at least 3 times since the '437 patent expired in June 2007 (id. ¶ 63). On this basis, Plaintiff alleges that Defendant's inclusion of the expired '437 patent on its products was intentional. (See id. ¶ 64.) Accordingly, Plaintiff has pled sufficient facts to suggest that Defendant had an intent to deceive with respect to the '437 patent marking.[5]

Taking all allegations in Count II as true, the Court presumes that Defendant employs an Intellectual Property Manager, that the '468, '592, '255, and '129 patents marked on Defendant's website are expired, and that the '752, '734, '844, '795, '024, and '840 patents marked on Defendant's website do not cover the material and processes on the website. Plaintiff alleges that Defendant intentionally included these patents on its website when no contest was being conducted (id. ¶ 85), but this amounts to no more than a conclusory statement couched as a factual allegation. Further, Plaintiff alleges that, because the patents

_____

[5] To the extent a heightened pleading standard under Rule 9(b) does apply, the Court concludes that the allegations meet the Rule 9(b) standard as well. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff alleges the expired patent at issue, and the products alleged to be falsely marked. Further, Defendant is adequately put on notice of the period during which the alleged false marking took place, and the circumstances which Plaintiff contends demonstrate Defendant's intent to deceive.

are expired and/or do not cover processes on the website, Defendant "cannot have any reasonable belief that such products on and processes of its website are protected by such patents." (Id. ¶ 83.) Plaintiff also alleges that Defendant "marks products identified in paragraph 41 and its website with expired patents for the purpose of deceiving the public . . ." (Id. ¶ 90.) These allegations do not contain enough factual matter to suggest that Defendant acted with the requisite intent to deceive. Accordingly, Count II fails to state a claim for relief that is plausible on its face.

In the Amended Complaint, Plaintiff adds Count III, alleging that Defendant has caused some of its car seat products to be marked by expired patents, and/or patents which do not cover the products. (Id. ¶ 101.) Taking all allegations in Count III as true, the Court presumes that Defendant employs an Intellectual Property Manager, that the '388, '658, '460, and '138 patents are expired, and that the '066 patent has a scope which does not cover the products on which it is marked. Plaintiff alleges that because the patents are either expired or have scopes which do not cover the products listed in paragraph 102, "Defendant cannot have any reasonable belief that such products are protected by such patents." (Id. ¶ 108.) Plaintiff also alleges that Defendant "marked products identified in paragraph 102 with expired patents for the purpose of deceiving the public . . ."

12

(Id. ¶ 115.)  As in Counts I and II, these allegations are conclusory and do not contain enough factual matter to suggest that Defendant acted with requisite intent to deceive. Accordingly, Count III fails to state a claim that is plausible on its face.

## V.    Conclusion

For the reasons discussed, Plaintiff's Motion For Leave To File Amended Complaint will be granted.  Defendant's Motion To Dismiss will be granted in part and denied in part. Specifically, Count I of the Amended Complaint will be dismissed, except to the extent that it alleges a false marking claim with respect to the '437 patent marking, and Counts II and III will be dismissed.  Dismissal is without prejudice, but should Plaintiff choose to file a Second Amended Complaint, more specific pleading is needed.

An appropriate Order will be entered.