IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER L. BRINKMEIER, :
            Plaintiff, :
            v. : Civil Action No. 09-262-LPS
GRACO CHILDREN'S PRODUCTS INC., :
            Defendant. :

Stamatios Stamoulis, Esquire and Richard C. Weinblatt, Esquire of STAMOULIS & WEINBLATT LLC, Wilmington, Delaware.

Attorneys for Plaintiff.

Lynn E. Rzonca, Esquire and Melissa J. Lore, Esquire of BALLARD SPAHR LLP, Philadelphia, Pennsylvania.
Beth Moskow-Schnoll, Esquire of BALLARD SPAHR LLP, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

March 7, 2011
Wilmington, Delaware

**Stark, U.S. District Judge:**

Pending before the Court is a Motion To Dismiss Plaintiff's Second Amended Complaint (D.I. 37) filed by Defendant, Graco Children's Products Inc. ("Graco"). The Court held oral argument on the Motion on December 9, 2010. *See* Transcript ("Tr.") (D.I. 63). For the reasons discussed, the Court will deny the Motion.

## I. THE PARTIES' CONTENTIONS

Plaintiff, Jennifer Brinkmeier,[1] filed this *qui tam* action against Graco on April 20, 2009, alleging false patent marking under 35 U.S.C. § 292. Specifically, Plaintiff contends that a variety of child playards, car seats, and strollers sold by Graco are marked with the number of one or more expired patents[2] and/or other patents, the scope of which do not actually cover the marked products. Plaintiff requests, among other things, a declaratory judgment that Graco falsely marked products in violation of 35 U.S.C. § 292, and monetary damages in the form of a civil fine of $500 per false marking offense or an alternative amount as determined by the Court – half of which shall be paid to the United States of America.

By its Motion, Graco initially requested dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (D.I. 37; D.I. 38) Since the filing of the Motion, Graco has withdrawn

---

[1] Plaintiff has filed three other false marking suits in this Court against different defendants. Two of these actions have been dismissed by the Honorable Sue L. Robinson and are currently the subject of motions for reconsideration. *See Brinkmeier v. BIC Corp., et al.*, Civ. Act. No. 09-860-SLR (D.I. 13-15); *Brinkmeier v. Bayer Healthcare, LLC*, 10-001-SLR (D.I. 19-21). In the third action, Defendant's request to transfer to the District of Massachusetts was granted. *See Brinkmeier v. Exergen Corp.*, Civ. Act. No. 10-176-SLR (D.I. 26).

[2] In her Answering Brief, Plaintiff identifies the following expired patents as relevant to her claims: (1) U.S. Patent No. 4,811,437 (the "'437 patent") in regard to the child playards; (2) U.S. Patent No. D356,658 (the "'658 patent") in regard to the car seats; and (3) U.S. Patent Nos. D326,838 (the "'838 patent") and D357,439 (the "'439 patent") in regard to the strollers.

its request for dismissal under Rule 12(b)(1) in light of *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1324-28 (Fed. Cir. 2010). In *Stauffer*, the Federal Circuit reversed a district court's dismissal of a complaint for lack of standing and held that allegations of personal injury or injuries to competition need not be pled by a *qui tam* plaintiff under 35 U.S.C. § 292, since that provision operates as a "statutory assignment" of the rights of the United States to private plaintiffs. *See id.* With respect to its request for dismissal under Rule 12(b)(6), Graco contends that Plaintiff has failed to meet the heightened pleading standard required by *Stauffer* for claims under 35 U.S.C. § 292. In particular, Graco contends that Plaintiff has failed to sufficiently plead that Graco intended to deceive the public, as is required to maintain a claim for false patent marking.

In response, Plaintiff directs the Court to the Federal Circuit's decision in *Pequignot v. Solo Cup Co.*, and contends that she has sufficiently pled false statements and knowledge by Graco so as to trigger the rebuttable presumption of intent to deceive the public set forth in *Pequignot*. *See* 608 F.3d 1356, 1362-63 (Fed. Cir. 2010) ("[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public. . . . [T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent."). Plaintiff maintains that Graco has failed to overcome the presumption at this juncture.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires

2

the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at

3

558 (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

**B.    Fed. R. Civ. P. 9(b)**

In addition to the requirements of Rule 12(b)(6), the parties agree that Rule 9(b) applies to Plaintiff's claims.[3] (D.I. 40 at 11-12; D.I. 43 at 1) Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake;" however, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Although a plaintiff is not required to allege every material detail – such as date, location, or time – a plaintiff must plead the circumstances of the fraud with sufficient particularity "to place defendants on notice of the precise misconduct with which they are charged." *Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *13 (D. Del. Sept. 30, 2008), *aff'd* 2009 WL

---

[3]Courts are divided as to whether Rule 9(b) applies to false marking claims under Section 292. The Federal Circuit alluded to its application in *Stauffer*, but did not squarely address the issue. *See* 619 F.3d at 1328. Specifically, the *Stauffer* court remanded the matter to the district court to consider defendant's motion to dismiss based on the application of Rule 9(b), but, in so doing, did not expressly hold that Rule 9(b) applied. Instead, the *Stauffer* court quoted language from the district court's decision to explain the basis for remand, directing the district court to determine whether "'the complaint fails to state a plausible claim to relief because it fails to allege an "intent to deceive" the public – a critical element of a section 292 claim – with sufficient specificity to meet the heightened pleading requirements for claims of fraud.'" *Id.* (quoting *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp. 2d 248, 251 n.1 (S.D.N.Y. 2009)).

However, the majority of courts apply Rule 9(b) to false marking claims under Section 292, and the Court agrees that Rule 9(b) should be applied to these claims because they sound in fraud. *See Brinkmeier v. BIC Corp.*, 2010 WL 3360568, at *8 (D. Del. Aug. 25, 2010); *see also Simonian v. Blistex, Inc.*, 2010 WL 4539450, at *5-6 (N.D. Ill. Nov. 3, 2010) (collecting cases).

3041997 (3d Cir. Sept. 24, 2009); *see also Seville Indus. Mack Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

### III. DISCUSSION

#### A. Whether To Stay Resolution Of This Motion

As a threshold matter, the Court has considered whether to stay this action in light of *In re BP Lubricants USA, Inc.*, Misc. Docket No. 960 (Fed. Cir. 2010), which is currently pending in the Court of Appeals for the Federal Circuit on a petition for mandamus relief filed by BP Lubricants, USA, Inc. ("BP") from the August 25, 2010 decision of the United States District Court for the Northern District of Illinois denying BP's motion to dismiss. At issue in the petition for mandamus is whether Rule 9(b) applies to allegations of intent to deceive the public in the context of Section 292 and what types of allegations satisfy Rule 9(b); in particular, whether it is sufficient to plead that the defendant "knew or should have known" that the marking was false.

Graco requests that the Court stay this action until the Federal Circuit issues a decision in *BP Lubricants*, contending that Federal Circuit case law governs the issue of what allegations are sufficient to meet the requirements of pleading intent to deceive under Rule 9(b). (Tr. 34-35; D.I. 60, citing *Exergen v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) ("[W]e apply our own law, not the law of the regional circuit, to the question of whether inequitable conduct has been pled with particularity under Rule 9(b).")) Graco points out that at least two district courts have stayed false marking cases in anticipation of Federal Circuit guidance on the issue. (D.I. 60, citing *Francisco Tech. Inc. v. Graphic Packaging Int'l*, 1:10-cv-1195 (N.D. Ga. Nov. 10, 2010); *NEWT LLC v. Nestle USA, Inc.*, No. 1:09-cv-04792 (N.D. Ill. Nov. 1, 2010))

5

Plaintiff acknowledges that the Federal Circuit's decision in *BP Lubricants* may have some impact on this case, but contends that because the parties have already agreed that Rule 9(b) applies, the potential impact of *BP Lubricants* is limited. Plaintiff also contends that regional circuit law applies to resolve the pleading issues presented here. Thus, Plaintiff maintains that additional guidance from the Federal Circuit, while possibly relevant, is not needed in order for the Court to resolve Defendant's Motion To Dismiss.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant a stay rests within the discretion of the Court and involves a balance of the hardships to the parties. *Id.*

The Court declines to stay this action in light of the mandamus petition pending before the Federal Circuit in *BP Lubricants*. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). The decision to issue a writ of mandamus is discretionary and requires the satisfaction of three criteria: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he or she seeks; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant the issuance of the writ. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Furthermore, the fact "[t]hat a petitioner may suffer hardship, inconvenience, or an unusually

complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008).

Given the discretionary standards applicable to the issuance of mandamus relief, the Court cannot be certain that the Federal Circuit will grant the writ of mandamus. Even if a writ is granted, the Federal Circuit's decision may or may not be instructive to this Court on the particular issues pending here (even assuming that Federal Circuit law governs application of Rule 9(b) in the context of false marking under Section 292). As Plaintiff points out, the parties to this litigation agree to the application of Rule 9(b), which appears to be a central issue before the Federal Circuit in *BP Lubricants*. The Federal Circuit may not reach the issue of what types of allegations satisfy Rule 9(b). Given these uncertainties, the Court declines, in its discretion, to stay this matter.

### B. Whether Plaintiff's False Marking Claims Should Be Dismissed

Section 292 of the Patent Act provides:

> Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a). To establish a claim for false marking under this section, the plaintiff must demonstrate two elements: (1) the defendant marked an unpatented article, and (2) the defendant intended to deceive the public. *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be

misled into thinking that the statement is true." *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing *Seven Cases of Eckman's Alterative v. United States*, 239 U.S. 510, 517-18 (1916)). The plaintiff "must show by a preponderance of the evidence that the accused party did not have a reasonable belief that the articles were properly marked." *Clontech*, 406 F.3d at 1352-53.

### 1. Whether Plaintiff has sufficiently pled the marking of an unpatented article

An article is "unpatented," and hence falsely marked, within the meaning of Section 292 when it is "not covered by at least one claim of *each* patent with which the article is marked." *Clontech*, 406 F.3d at 1352 (emphasis added). Thus, the marking of an article with an inapplicable patent constitutes a false marking.

In the case of an expired or denied patent, the Supreme Court has held that "an item for which a patent has expired or been denied . . . is unpatented and unpatentable." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 159 (1989). Thus, an article marked with an expired patent is also falsely marked under Section 292. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361-62 (Fed. Cir. 2010) ("An article that was once protected by a now-expired patent is no different [from] an article that has never received protection from a patent.").

Reviewing the allegations of the Second Amended Complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff has properly pled the marking of unpatented articles as required to establish the first element of a Section 292 claim. Graco contends that it marks its products with conditional language, which states that "[t]his product is protected by one or more of the following patents . . . .," and, therefore, the patent markings state a "true

situation." (D.I. 38 at 15) However, Graco cites no case law supporting the proposition that a conditional marking constitutes a *per se* bar to a claim for false marking. Indeed, this Court has already rejected such an argument in this case. *See Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548, 552 (D. Del. 2010) (Farnan, J.). Subsequent to the Court's previous ruling, the Federal Circuit has also rejected such a *per se* bar and concluded that articles with conditional markings are falsely marked – for purposes of establishing the first element of a Section 292 claim – if they contain expired patents or patents not covering the scope of the marked product. *See Pequignot*, 608 F.3d at 1363 (holding that items marked with conditional marking that included expired patents are falsely marked, but noting that this "conclusion alone does not . . . decide the question of liability under the statute," as intent to deceive public must also be established). In this case, Plaintiff has pled specific patents marked on specific car seats, strollers, and playards sold by Graco. Plaintiff has further pled that these patents are either expired or do not cover the products on which they have been marked. Accordingly, the Court concludes that Plaintiff's allegations are sufficient to satisfy the first requirement of a Section 292 claim.

### 2. Whether Plaintiff has sufficiently pled intent to deceive the public

With respect to the second element of a Section 292 claim, intent to deceive the public, Graco essentially makes three arguments. First, Graco contends that its use of a "conditional marking" belies any intent to deceive the public. Second, Graco contends that it is inappropriate to plead intent to deceive and knowledge that the markings were false using averments that are pled "upon information and belief." That is, Graco contends that paragraphs pled "upon information and belief" are conclusory in nature and insufficient to satisfy the pleading

requirements of Rule 9(b). Finally, Graco also contends that the proper pleading of a Section 292 claim requires Plaintiff to plead that Graco had actual knowledge that the markings were false (that Graco "knew" the markings were false), as opposed to constructive knowledge (that Graco "should have known" the markings were false). The Court addresses each of these arguments in turn.

First, the Court concludes that whether Graco's use of a conditional marking belies its intent to deceive the public is an argument that conflates the pleading stage with the proof stage.[4] "It is indeed true that a company may know a patent marking to be false and yet not violate 35 U.S.C. § 292 if it lacked the intent to deceive the public. But it is abundantly clear that, to survive a motion to dismiss, a Relator need not plead facts that foreclose the possibility of its not prevailing at trial." *Simonian v. Blistex, Inc.*, 2010 WL 4539450, at *4 (N.D. Ill. Nov. 3, 2010). Moreover, at least one court in this Circuit has viewed an argument regarding the "literal truth" of a defendant's conditional marking as a reason to question the defendant's contention that it lacked knowledge that many of the patents it listed on its markings were expired. *See Hollander v. Etymotic Research, Inc.*, 2010 U.S. Dist. LEXIS 116619, at *11 (E.D. Pa. Nov. 1, 2010) ("That the product markings were 'literally true' does not negate the fact that they were false in other regards. The very fact that Defendant advanced this argument raises questions as to Defendant's contention that it lacked knowledge that many of the patents listed on the markings were

---

[4]*See generally* Tr. 17 (Graco's counsel acknowledging: "But I have to say as a defendant, it's somewhat galling that a complaint can't be dismissed based on the fact that they will not be able *to prove* intent to deceive or knowledge and yet we have to go through the process and get to a summary judgment motion before we're able to win.") (emphasis added).

expired.").[5]

As for allegations pled upon information and belief, the Court notes that Rule 9(b) requires the circumstances constituting fraud to be stated with particularity. "While state of mind may be averred generally, [the] plaintiffs must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). Pleading based upon information and belief is permitted under Rule 9(b) when "essential information lies uniquely within another party's control;" however, the pleading must still "set[] forth the specific facts upon which the belief is reasonably based." *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). In the Court's view, the allowance of pleading upon information and belief is appropriate in the instant *qui tam* action, because the facts required to be pled are uniquely in the control of the defendant corporation. *See Blistex*, 2010 WL 4539450, at *3 (recognizing that nothing in *Twombly* or *Iqbal* suggests that pleading on information and belief is "necessarily deficient"). Unless the Section 292 cause of action is limited to insider "whistle blowers" with direct knowledge of a defendant's intent to deceive – and the text of the statute is not so limited, as Graco conceded at the hearing (Tr. 5) – then a Section 292 plaintiff must be allowed to plead the elements of the claim "upon information and belief." Accordingly, the Court will not dismiss Plaintiff's complaint based on the allegations being pled upon information and belief, so long as there is a proper factual basis asserted to support the beliefs pled.

---

[5]Notably, the purportedly "conditional" marking Graco used appears to differ materially from the one at issue in *Pequignot*, of which the Federal Circuit stated: "Solo did not state on its packaging that any product was definitely covered by a patent, and it provided the consumer with an easy way to verify whether a specific product was covered." 608 F.3d at 1365.

With respect to the knowledge element of a Section 292 claim, the Federal Circuit has held that intent to deceive can be inferred "[w]here a party making a misrepresentation has knowledge of the misrepresentation." *Clontech*, 406 F.3d at 1352. Thus, for purposes of pleading, a plaintiff must allege specific facts to plausibly suggest that the defendant had knowledge of the mismarking. *See EMD Crop Bioscience Inc. v. Becker Underwood, Inc.*, 2010 WL 4386674, at *13 (W.D. Wis. Oct. 29, 2010) (citing *Iqbal*, 129 S. Ct. at 1949). Graco contends that establishing an inference of an intent to deceive requires a false statement and "actual knowledge" that the statement was false. Graco contends that allowing constructive knowledge to satisfy the pleading requirements for knowledge transforms Section 292 into a strict liability statute. (Tr. 8) However, neither *Clontech* nor *Pequignot* specify that the knowledge required to give rise to an inference of intent to deceive is "actual knowledge."

In the somewhat analogous context of inequitable conduct, the Federal Circuit has concluded that intent to deceive "may be inferred where a patent applicant knew, ***or should have known***, that withheld information would be material to the PTO's consideration of the patent application." *See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997) (emphasis added). It is unclear why an inference of intent to deceive for purposes of a Section 292 violation should be more stringent and require "actual knowledge." Indeed, several courts have accepted allegations that a defendant "knew or should have known" its markings were false as sufficient for purposes of pleading knowledge. *See Hollander*, 2010 U.S. Dist. LEXIS 116619, at *14-15; *Blistex*, 2010 WL 4539450, at *4. Therefore, the Court concludes that the inference of intent to deceive may arise from evidence that a defendant knew

*or should have known* the marking was false.[6]

With these legal standards in mind, the Court will analyze each of the asserted claims to determine if they have been pled with a proper factual basis to support the averments made upon information and belief.

### a. Count I - Playards

The Court previously concluded that Plaintiff sufficiently pled intent to deceive in connection with the marking of Graco playards with the expired '437 patent, as alleged in Count I of the Amended Complaint. The Court is not persuaded that this conclusion should be disturbed as it pertains to the Second Amended Complaint.

As to the remaining allegations of Count I, the Court likewise concludes that Plaintiff has sufficiently pled intent to deceive in connection with the marking of Graco playards with patents that do not cover the marked products. Plaintiff provides a detailed chart and pictures for each listed playard alleging that the respective playards do not contain features covered by the patents marked on the products. Plaintiff further alleges that Graco could have potentially identified 34 to 36 U.S. patents pertaining to playards in the time frame spanning 2007 through 2009, yet Graco marked its 2007, 2008, and 2009 playards with just 21 to 25 of these patents. According to Plaintiff, Graco also added and removed different foreign and U.S. patents to its markings

---

[6] In reaching this conclusion, the Court is not persuaded by Graco's argument that accepting constructive knowledge for purposes of pleading a Section 292 claim transforms Section 292 into a strict liability statute or a statute that imposes liability solely on the basis of negligence. The Court's ruling applies to the pleading stages; Plaintiff is still required to *prove* intent to deceive at trial. In fact, the Court can find no case law supporting Graco's argument, and those cases that have permitted pleading based upon constructive knowledge have done so in the wake of *Clontech*, which specifically held that Section 292 is not a strict liability statute. *See* 406 F.3d at 1352.

between 2007 and 2009. In the Court's view, these facts are sufficient to substantiate Plaintiff's assertion, made upon information and belief, that Graco must have performed an analysis to determine which patents to include in its markings, otherwise it would have listed all 34 (or 36) U.S. patents and all relevant foreign patents on all the playards. These facts also substantiate a reasonable inference that Graco knew or should have known that the listed patents did not cover the marked products. In the Court's view, the differences in the markings used from 2007 through 2009, combined with the previous allegations related to false marking and knowledge of the falsity, are sufficient to reasonably support an inference that Graco acted with deceptive intent in marking its playards with inapplicable patents. Accordingly, the Court concludes that Plaintiff's allegations are sufficient to withstand dismissal at this juncture and, therefore, the Court will deny Graco's Motion To Dismiss as it pertains to Count I.

### b. Count II - Car Seats

With respect to Count II, the Court likewise concludes that Plaintiff has alleged sufficient facts to demonstrate intent to deceive as it pertains to the marking of Graco car seats with expired patents and/or patents not covering the marked products. Plaintiff has alleged a chain of assignments concerning the now-expired patents, beginning with Gerber Products Company and moving on to Century Products Company before being ultimately assigned to Graco. This chain of assignments supports Plaintiff's assertion, based upon information and belief, that Graco performed due diligence on the patents it was acquiring, which would have given it a working knowledge of the expiration dates and scopes of the patents. Plaintiff further alleges that Graco has been accused of infringing patents owned by Dorel Juvenile Group pertaining to car seats. This allegation also supports Plaintiff's assertion, based upon information and belief, that

14

Plaintiff studied the features of its car seats in response to the litigation and knew or should have known that its products were not covered by the '066 patent. In the Court's view, these allegations of false marking, combined with plausible allegations of actual and/or constructive knowledge of the falsity on the part of Graco, are sufficient to reasonably support an inference that Graco acted with deceptive intent in marking its products with patents which are expired and/or do not cover the marked car seats. Accordingly, the Court concludes that Plaintiff's allegations are sufficient to withstand dismissal at this juncture and, therefore, the Court will deny Graco's Motion To Dismiss as it pertains to Count II.

### c. Count III - Strollers

Similarly, as to Count III, the Court concludes that Plaintiff has sufficiently alleged facts supporting an inference of deceptive intent. Plaintiff asserts that Graco used two of the three stroller patents identified in the pleadings as collateral to secure a loan with the Bank of Nova Scotia. One of these patents is the now-expired '439 patent. Plaintiff acknowledges that these security interests were released in 1996, ten or more years prior to the alleged expiration of those patents. Nevertheless, the fact that Graco used these patents for loan collateral supports Plaintiff's assertion, made upon information and belief, that Graco knew or should have known the expiration dates of the relevant patents. In addition, Plaintiff has pled that Graco has marked six strollers with different, selective markings for each. For example, Graco marks its LiteRider Stroller and LiteRide Travel System with 25 U.S. patents and 27 foreign patents, while its DuoGlide Stroller and Quattro Tour Duo Stroller are marked with only 12 U.S. patents and 7 foreign patents. This selective marking reasonably supports Plaintiff's assertion, based upon information and belief, that Graco has a working knowledge of its stroller patents, performs an

15

analysis to determine which products should be marked with which patents, and knew or should have known that certain patents were expired and/or inapplicable to the marked strollers. In the Court's view, these allegations demonstrating false marking and knowledge on the part of Graco are sufficient to reasonably support an inference that Graco acted with deceptive intent. Accordingly, the Court will deny Graco's Motion To Dismiss as it pertains to Count III.

## IV. CONCLUSION

In sum, the Court concludes that Plaintiff has sufficiently pled that the products identified in the Second Amended Complaint have been marked with one or more expired patents and/or patents which do not cover the marked products. Plaintiff has also pled facts pertaining to product analyses and due diligence analyses performed by Graco which, taken as true and drawing reasonable inferences in favor of Plaintiff – as the Court must on a motion to dismiss – suggest that Graco had actual and/or constructive knowledge that the patents were expired or did not cover the marked products. This reasonable inference of knowledge on Graco's part, coupled with the allegations of expired patents and patents which do not cover the marked products, further gives rise to the inference of deceptive intent needed to state a claim for false marking.[7]

---

[7] The Court recognizes that at least two courts within this circuit have taken a contrary approach and dismissed Section 292 complaints for failure to adequately plead intent to deceive the public. However, the complaints in those cases contained allegations that were far more generalized than the allegations contained in the Second Amended Complaint here. *See Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, 2010 WL 4159265, at *5 (E.D. Pa. Oct. 21, 2010) (averments that defendant is "highly sophisticated business entity" with "extensive experience with the application for, procurement of, and publication of its patents," coupled with averment that defendants knew the patents expired and continued to mark products with them, do not "sufficiently articulate knowledge of falsity or intent to deceive" because they "do not create an inference that [the] [d]efendant knew that the patents at issue actually expired"); *Brinkmeier v. BIC Corp.*, 2010 WL 3360568, at *9, 11 (D. Del. Aug. 25, 2010) (Robinson, J.) (dismissing complaint where plaintiff alleged that continued marking of lighters with expired patents after filing of complaint was inexcusable and massive volume of lighters sold is sufficient to

Accordingly, the Court concludes that Plaintiff has plausibly stated claims for false marking of Graco's playards, strollers, and car seats.

For the reasons discussed, the Court will deny Graco's Motion To Dismiss Plaintiff's Second Amended Complaint. An appropriate Order will be entered.

---

demonstrate deceptive intent; contrasting the lack of specificity in complaint with allegations regarding the '437 patent in the instant case).

17